## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ROMINA G. ACUNA,

      Plaintiff,

vs.

MARTIAL ARTS SYSTEM, INC., a Florida
Profit Corporation, MARTIAL ARTS
MANAGEMENT CORP., a Florida Profit
Corporation, M.A.S. OF SOUTH FLORIDA, INC., a
Florida Profit Corporation, and CESAR OZUNA, individually,

      Defendants.

_____/

## COMPLAINT

Plaintiff ROMINA G. ACUNA, (hereinafter "Plaintiff" or "Acuna") by and through her undersigned attorney hereby sues Defendants, MARTIAL ARTS SYSTEM, INC., a Florida Profit Corporation, MARTIAL ARTS MANAGEMENT CORP., a Florida Profit Corporation, M.A.S. OF SOUTH FLORIDA, INC., a Florida Profit Corporation, (together referred to as "Corporate Defendants") and CESAR OZUNA, individually, (hereinafter, "OZUNA"), (hereinafter collectively referred to as "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction here as at all material times conducted and continue to conduct business in the Southern District of Florida.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as an administrator. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant MARTIAL ARTS SYSTEM, INC., is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  MARTIAL ARTS SYSTEM, INC., at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. Defendant, MARTIAL ARTS MANAGEMENT CORP., is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  MARTIAL ARTS MANAGEMENT CORP., at all times material hereto, had conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

9. Defendant M.A.S. OF SOUTH FLORIDA, INC., is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. M.A.S. OF SOUTH FLORIDA, INC, at all times material hereto, has conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

10. At all times relevant hereto, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC., were an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that each entity did separately employ or has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all times material to this Complaint, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC., separately had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. If, however, the three entities did not separately employ the requisite number of employees under the FLSA, they are considered joint employers and have jointly employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13. At all material times hereto, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d) in that:

   a. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. share the same principal place of business.

   b. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. share the same mailing address.

   c. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. share the same corporate officers; and

   d. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. owned and operated the different locations where Plaintiff performed her work.

   e. MARTIAL ARTS SYSTEM, INC., and M.A.S. OF SOUTH FLORIDA, INC. issued payment to Plaintiff's husband that included $180.00 for Plaintiff;

14. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. upon knowledge and belief, separately and/or in combination have had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15. Defendant CESAR OZUNA is a corporate officer and owner, and exercised operational control over the activities of, corporate Defendants, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC.

16. Upon all available information, CESAR OZUNA controlled the manner in which Plaintiff performed her work, the hours she worked and the pay she was to receive.

17. At all relevant times, CESAR OZUNA acted directly in the interest of his companies, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC.

18. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

19. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON AS TO ALL COUNTS

20. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

21. Plaintiff and her husband began working for Defendants in August 2019 through October 31, 2021, as an administrator.

22. Plaintiff regularly worked at the studio located at: 15403 SW 137th Avenue Miami, FL 33177. However, throughout her employment, Plaintiff regularly attended staff meetings at the main location and on occasion, assisted at the other locations per Mr. Ozuna's request.

23. As an administrator, Plaintiff's primary duties included greeting parents and students, maintain paperwork, schedules, and performed manual labor as she was assigned the cleaning and upkeep of the studio. Plaintiff did not actually have any decision-making authority as she could not hire or fire employees, or otherwise make decisions which impacted the business.

24. During her employment, Plaintiff regularly worked between 50–60 hours per work week. However, Plaintiff was not properly compensated at all for most of the hours worked.

25. At the beginning of her employment, Plaintiff worked with her husband at the Country Walk location. Defendants agreed to pay Plaintiff's husband a salary of $2,000 a month and additional $180.00 a month for cleaning services performed by Plaintiff. Plaintiff performed

additional tasks at the studio. Defendants promised to revisit her compensation after the revenue of the studio increased. From August 2019 through August 24, 2021, Plaintiff was not compensated any additional wages for the work she performed.

26. It was not until on or about September 30, 2021, that Defendants agreed to compensate Plaintiff $800.00 per month for the work performed.

27. However, during most of her employment Plaintiff was not compensated at all for most of the hours worked at any of the locations.

28. As a result, Plaintiff has not been paid the minimum applicable hourly wage rate as set forth under state and federal law for most of the hours worked during her employment.

29. Furthermore, Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

30. However, Defendants did not properly compensated Plaintiff for the overtime hours she worked during her employment.

31. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

32. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

33. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.


**COUNT I**
**VIOLATION OF FLSA/UNPAID WAGES**

6

### against MARTIAL ARTS SYSTEM, INC

34. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

35. This action is brought by Plaintiff to recover from MARTIAL ARTS SYSTEM, INC unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

37. MARTIAL ARTS SYSTEM, INC never paid Plaintiff at least minimum wage for most of the hours she worked. As such, MARTIAL ARTS SYSTEM, INC has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

38. MARTIAL ARTS SYSTEM, INC knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

39. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

40. By reason of the said intentional, willful, and unlawful acts of MARTIAL ARTS SYSTEM, INC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

42. MARTIAL ARTS SYSTEM, INC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43. As a result of MARTIAL ARTS SYSTEM, INC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

44. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully prays for the following relief against MARTIAL ARTS SYSTEM, INC:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/UNPAID WAGES
### against MARTIAL ARTS MANAGEMENT CORP

45. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

46. This action is brought by Plaintiff to recover from MARTIAL ARTS MANAGEMENT CORP., unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " [n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

47. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

48. MARTIAL ARTS MANAGEMENT CORP. never paid Plaintiff at least minimum wage for the hours she worked. As such, MARTIAL ARTS MANAGEMENT CORP., has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

49. MARTIAL ARTS MANAGEMENT CORP. knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

50. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

51. By reason of the said intentional, willful, and unlawful acts of MARTIAL ARTS MANAGEMENT CORP, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

52. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

53. MARTIAL ARTS MANAGEMENT CORP never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

54. As a result of MARTIAL ARTS MANAGEMENT CORP.'s willful violations of the Act, Plaintiff is entitled to liquidated damages.

55. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully prays for the following relief against MARTIAL ARTS MANAGEMENT CORP:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF FLSA/UNPAID WAGES**
**against M.A.S. OF SOUTH FLORIDA, INC.**

56. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

57. This action is brought by Plaintiff to recover from M.A.S. OF SOUTH FLORIDA, INC., unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.   29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

58. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

59. M.A.S. OF SOUTH FLORIDA, INC., never paid Plaintiff at least minimum wage for the hours she worked. As such, M.A.S. OF SOUTH FLORIDA, INC.., has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

60. M.A.S. OF SOUTH FLORIDA, INC.., knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly

wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

61. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

62. By reason of the said intentional, willful, and unlawful acts of M.A.S. OF SOUTH FLORIDA, INC., Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

63. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

64. M.A.S. OF SOUTH FLORIDA, INC. never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

65. As a result of M.A.S. OF SOUTH FLORIDA, INC.'s willful violations of the Act, Plaintiff is entitled to liquidated damages.

66. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully prays for the following relief against M.A.S. OF SOUTH FLORIDA, INC.:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT IV</u>
**VIOLATION OF FLSA/OVERTIME**
**against MARTIAL ARTS SYSTEM, INC**

67. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

68. This action is brought by Plaintiff to recover from MARTIAL ARTS SYSTEM, INC., unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

69. Since the commencement of Plaintiff's employment MARTIAL ARTS SYSTEM, INC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

70. Specifically, since the beginning of her employment Plaintiff regularly worked 50-60 hours during each workweek.

71. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

72. MARTIAL ARTS SYSTEM, INC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MARTIAL ARTS SYSTEM, INC business activities involve those to which the Fair Labor Standards Act applies.

73. The Plaintiff was an administrator and was at all relevant times, covered by the FLSA.

74. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

75. MARTIAL ARTS SYSTEM, INC has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

76. By reason of the said intentional, willful, and unlawful acts of MARTIAL ARTS SYSTEM, INC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

77. MARTIAL ARTS SYSTEM, INC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

78. As a result of MARTIAL ARTS SYSTEM, INC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

79. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MARTIAL ARTS SYSTEM, INC

WHEREFORE, Plaintiff respectfully prays for the following relief against MARTIAL ARTS SYSTEM, INC:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT V**</u>
**VIOLATION OF FLSA/OVERTIME**
**against MARTIAL ARTS MANAGEMENT CORP.**

80. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

81. This action is brought by Plaintiff to recover from MARTIAL ARTS MANAGEMENT CORP., unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

82. Since the commencement of Plaintiff's employment MARTIAL ARTS MANAGEMENT CORP has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing

employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

83. Specifically, since the beginning of her employment Plaintiff regularly worked 50-60 hours during each workweek.

84. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

85. MARTIAL ARTS MANAGEMENT CORP is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MARTIAL ARTS MANAGEMENT CORP business activities involve those to which the Fair Labor Standards Act applies.

86. The Plaintiff was an administrator and was at all relevant times, covered by the FLSA.

87. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

88. MARTIAL ARTS MANAGEMENT CORP has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

89. By reason of the said intentional, willful, and unlawful acts of MARTIAL ARTS MANAGEMENT CORP, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

90. MARTIAL ARTS MANAGEMENT CORP never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

91. As a result of MARTIAL ARTS MANAGEMENT CORP's willful violations of the Act, Plaintiff is entitled to liquidated damages.

92. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MARTIAL ARTS MANAGEMENT CORP.

WHEREFORE, Plaintiff respectfully prays for the following relief against MARTIAL ARTS MANAGEMENT CORP:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF FLSA/OVERTIME
### against M.A.S. OF SOUTH FLORIDA, INC

93. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

94. This action is brought by Plaintiff to recover from M.A.S. OF SOUTH FLORIDA, INC., unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

95. Since the commencement of Plaintiff's employment M.A.S. OF SOUTH FLORIDA, INC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times the regular rate.

96. Specifically, since the beginning of her employment Plaintiff regularly worked 50-60 hours during each workweek.

97. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

98. M.A.S. OF SOUTH FLORIDA, INC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§

3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). M.A.S. OF SOUTH FLORIDA, INC business activities involve those to which the Fair Labor Standards Act applies.

99. The Plaintiff was an administrator and was at all relevant times, covered by the FLSA.

100. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

101. M.A.S. OF SOUTH FLORIDA, INC has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

102. By reason of the said intentional, willful, and unlawful acts of M.A.S. OF SOUTH FLORIDA, INC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

103. M.A.S. OF SOUTH FLORIDA, INC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

104. As a result of M.A.S. OF SOUTH FLORIDA, INC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

105. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from M.A.S. OF SOUTH FLORIDA, INC.

WHEREFORE, Plaintiff respectfully prays for the following relief against M.A.S. OF SOUTH FLORIDA, INC:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
### VIOLATION OF FLSA/UNPAID WAGES
### against CESAR OZUNA

106.    Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

107.    At the times mentioned, Defendant CESAR OZUNA was, and is now, a corporate officer of corporate Defendants.

108.    CESAR OZUNA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CESAR OZUNA acted directly in the interests of the Corporate Defendants in relation to their employees including Plaintiff.

109.    Specifically, CESAR OZUNA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

110.    CESAR OZUNA was at all relevant times, the owner of the corporate defendants and maintained operational control of the businesses and is thus jointly liable for Plaintiff's damages.

111.    Defendant CESAR OZUNA willfully and intentionally refused to properly pay Plaintiff at

least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant OZUNA:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VIII
### VIOLATION OF FLSA/OVERTIME
### against CESAR OZUNA

112.    Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

113.    At the times mentioned, Defendant CESAR OZUNA was, and is now, a corporate officer and owner of corporate Defendants.

114.    CESAR OZUNA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CESAR OZUNA acted directly in the interests of the corporate Defendants in relation to their employees including Plaintiff.

115.    Specifically, CESAR OZUNA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

116.   CESAR OZUNA was at all relevant times, the owner of the corporate defendants and maintained operational control of the businesses and is thus jointly liable for Plaintiff's damages.

117.   Defendant CESAR OZUNA willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant OZUNA:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, ROMINA G. ACUNA demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: November 12, 2021

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By:/s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com